UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:92CV1386 RWS |
| ) | |
| JOHN ASHCROFT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for relief from the final judgment in this matter, pursuant to Federal Rule of Civil Procedure 60(b)(6). After reviewing the procedural history in this case, the Court will deny the motion.

### Procedural Background

In 1992, plaintiff was one of several inmates at the Farmington Correctional Center ("FCC") who filed this action, pursuant to 42 U.S.C. § 1983, alleging violations of their civil rights. The inmates claimed prison officials were deliberately indifferent to their right to be free from unreasonable risk from exposure to tuberculosis and the AIDS virus, in violation of their Eighth Amendment rights. The inmates requested injunctive relief, compensatory damages and a jury trial.

The Court referred the matter to a magistrate judge to conduct a hearing and recommend a disposition on all equitable claims and to determine whether any inmate could survive a motion for judgment as a matter of law on a damages claim. The magistrate judge directed each inmate to file a list of witnesses and exhibits and a summary of his testimony. The magistrate judge allowed the inmates to present only the testimony of themselves and three non-party witnesses.

After a six-day hearing, the Court adopted the magistrate judge's recommendations, denying injunctive relief.

The Court concluded the preventive measures taken since the FCC instituted its policy of annual tuberculosis testing in May 1993 were sufficient to identify and treat those with infectious tuberculosis. Thus, the inmates had failed to establish a threat of irreparable harm of contracting tuberculosis. The Court also concluded that the inmates failed to prove the population in general or any inmate in particular faced an excessive risk of exposure to the AIDS virus. The inmates appealed the Court's denial of damages and injunctive relief to the Eighth Circuit Court of Appeals.

The Eighth Circuit concluded that the District Court did not abuse its discretion in denying injunctive relief. However, the Eighth Circuit concluded that the Court had erred in refusing to allow the inmates to call prison officials as witnesses at the hearing. The Eighth Circuit ruled that the Court had also erred in rejecting the inmates' tuberculosis-related damages claims, which predated FCC's policies for controlling contagious diseases, because the prison officials were unaware the inmates faced an excessive risk of exposure to tuberculosis. Additionally, the Eighth Circuit held that the Court mistakenly found that the prison officials were entitled to qualified immunity on the tuberculosis damage claims. Accordingly, the Eighth Circuit remanded for further proceedings on the tuberculosis damage claims. *See Tyler v. Ashcroft*, 74 F.3d 1244 (8th Cir. 1996).

After remand, virtually all of the plaintiffs in the case withdrew from the lawsuit. Only two plaintiffs remained in the suit – plaintiff Tyler and plaintiff Michael Capraro. On February 11 and 12, 1998, the District Court held an evidentiary hearing relative to the remaining tuberculosis damages claims. Following the hearing, both parties filed post-hearing briefs.

Separate summary judgments were filed by defendants against each remaining plaintiff.[1] Summary judgment was granted to defendants against plaintiff Tyler on August 31, 2001. [Doc. #779].

### Plaintiff's Tyler's Claims

Plaintiff Tyler's claims in this action surround a four-year time period when he was incarcerated at FCC, from June of 1990 through December of 1994. According to his testimony, as well as the allegations in his complaint, plaintiff Tyler's claims are that as a result of the "unreasonable exposure" to tuberculosis due to "wide-spread epidemic" of tuberculosis at FCC: (1) he has suffered ostracism due to TB exposure; (2) he has a fear of dying due to TB exposure; (3) his life has been ruined; (4) he has been labeled a leper; and (5) he has been stigmatized. Plaintiff names as defendants John Ashcroft, Richard (Dick) Moore, and James Purkett.[2]

On May 4, 1992, plaintiff tested positive on a single PPD test.[3] A positive reading indicated only exposure, not the presence of active tuberculosis. Between May 7, 1992 and May 14, 1992, although plaintiff was asymptomatic for active tuberculosis, he had a chest x-ray taken and sputum cultures were analyzed. Both the chest x-ray and the sputum cultures were negative for active tuberculosis. The medical staff at FCC prescribed a six-month standard TB treatment

---

[1] The Court granted summary judgment to defendants against plaintiff Capraro on August 30, 1999. [Doc. #765].

[2] In addition to his claims for damages, plaintiff requested injunctive relief in the form of a salad bar of his own choosing because he believed his TB medication worked better with vegetables. His request was denied as moot after plaintiff finished his TB medication.

[3] The Court takes judicial notice of the prior testimony and evidence garnered in this case. A PPD test involves the injection of a "purified protein derivative" of tuberculosis under the skin, but not in to the muscle, of an inmate's arm. The injection is then viewed, approximately three days later, by a prison medical staff member. An area of redness is deemed "negative"; however, a lump may be deemed "positive" depending upon the size of the lump. A lump ranging from 0-5 mm in size is considered to be indicative of a "negative" reading; a lump ranging from 5-9 mm in size is considered to be "questionable"; and a lump over 10 mm in size is considered positive.

for Tyler. From May 14, 1992 through November 17, 1992 Tyler took his prescribed TB medication. As of November 17, 1992, Tyler completed his treatment and did not exhibit any signs of active tuberculosis.

Most telling, between June of 1990 and May 1993, Tyler did not file any grievances complaining of unreasonable TB exposure. From 1990-1992, MDOC did not receive any letter from Tyler complaining of TB exposure, a TB "problem" at FCC, or unreasonable risk of exposure to TB in general. Tyler never filed any grievances or wrote letters to any of the named defendants prior to the filing of this lawsuit.

In its August 31, 2001, summary judgment motion, the Court went on to review the testing and treatment protocol for tuberculosis for all staff and inmates at FCC during the relevant time period. The Court found that all newly-incarcerated individuals were given a TB test, as well as all inmates given a test during their yearly physical. Additionally, anytime an inmate was transferred to FCC, that inmate was also given a TB test. The Court found that only two active cases of TB infected inmates were found at FCC during the relevant time-period at issue. All persons exposed to those inmates were placed on prophylactic medication.

The Court granted defendants summary judgment on plaintiff's claims because his evidence was insufficient to show that he was exposed to an excessive risk to his health resulting in a positive TB exposure reading while at FCC. Additionally based on the evidentiary record, it shows that FCC took reasonable measures to minimize known risks regarding TB exposure. The Court also noted that plaintiff had no evidence that there were any such pervasive tuberculosis conditions at FCC that posed a risk to his health. Moreover, defendants were entitled to qualified immunity on his claims.

After judgment was entered in this action on August 31, 2001, plaintiff Tyler filed a notice of appeal. The Eighth Circuit affirmed the judgment of this Court on December 13, 2001. *See Tyler v. Ashcroft*, No. 01-3533 (8th Cir. 2001).

## Discussion

Plaintiff brings his motion for reconsideration of the judgment in this matter more than fifteen (15) years after the Eighth Circuit summarily affirmed this Court's ruling in this case. Plaintiff asserts that defendants suppressed material evidence at the time of lawsuit in this matter, and he seeks leave to reopen this case. As "evidence" of this alleged "suppressed material," plaintiff presents the Court with photocopied pages from a book titled *Somewhere in Time: 170 Years of Missouri Corrections,* written by Mark S. Schreiber and Laura Burkhardt Moeller.

Pursuant to Rule 60(b)(6), the plaintiff must demonstrate exceptional circumstances to justify relief. *See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.,* 293 F.3d 409, 415 (8th Cir. 2002).

Plaintiff attempts to use the information in the book as evidence to prove, for instance, the number of recorded tuberculosis deaths at unidentified Missouri State Penitentiaries between the 1800s and 1990s. As this is obviously not evidence of TB deaths at FCC in the relevant time period in this action, it cannot be used to argue that the information was "suppressed material" that can be used to reopen the present matter.

Plaintiff's next argument appears to be that he is upset that Jay Nixon, who was not a named defendant in this action, used plaintiff's requested injunctive relief of a "salad bar," in order to gain political headlines to discuss frivolous prisoner litigation. This also cannot form a basis for reopening the present matter.

Last, plaintiff asserts that he has received information, from a published opinion in a criminal case unrelated to him, *United States v. West*, 942 F.2d 528 (8th Cir. 1991), that defendants suppressed evidence that MDOC was providing inmates "contaminated foods" during the relevant time period. As plaintiff did not bring any claims relating to contaminated foods in his lawsuit, this claim cannot suffice to reopen the present action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #798] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

**IT IS FURTHER ORDERED** that other than documents related to any appeals filed by plaintiff, no further motions shall be filed in this closed case.

Dated this 1st day of September, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE